(19 App. Div. 420.)

### McDOUGALL et al. v. DIXON.

(Supreme Court, Appellate Division, First Department. July 2, 1897.)

1. WILLS—BEQUEST IN TRUST—APPOINTMENT OF TRUSTEE.
   A will provided that, after a certain portion of the estate was divided into four equal shares, "one share each to be given absolutely to" three of testatrix's children, "the remaining one-fourth share is to be invested and held in trust for the benefit of" the fourth child, "and the income from said share to be paid him; * * * but he is to have the right to bequeath his share at his death, * * * should he survive me." *Held* that, as to the fourth share, the will created a valid express trust, within the provisions of the statute of uses, and, the will not designating a trustee, equity would appoint one, in whom the title to an undivided fourth interest in the estate would vest.

2. TITLE OF TRUST ESTATE—CONVEYANCE BY BENEFICIARY.
   The legal title in the trust estate cannot be devested by a conveyance by the beneficiary; his only power of disposition under the will being by bequest at his death.

John W. McDougall and others tendered to William P. Dixon a deed of premises which plaintiffs had contracted to convey to defendant. Defendant declined to accept the deed, on the ground that plaintiffs could not give title. The question as to the sufficiency of the title tendered by plaintiffs was then submitted to the supreme court on an agreed statement of facts. Judgment for defendant.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Brainard Tolles, for plaintiffs.
Rufus W. Peckham, Jr., for defendant.

INGRAHAM, J. The question submitted is as to the sufficiency of the title tendered to the defendant by the plaintiffs in pursuance of a contract of sale of a house and lot on West Twenty-Ninth street in the city of New York. The premises in question were owned in fee by one Susanna McDougall, who died July 26, 1893, leaving, as her heirs at law and next of kin, four children, all of whom are plaintiffs in this action, as are also the executors of her last will and testament. Susanna McDougall left a last will and testament, by which all the remainder of her estate, after the legacy of a specific house and lot, was to be divided into four equal shares. "One share each to be given absolutely to my two sons John Wilson McDougall and Sidney McDougall, and my daughter, Laura K. McDougall." As to these three shares, there can seem to be no doubt but that they vested at once in the devisees, who thereby became tenants in common of all the real estate of the testator, together owning three undivided fourths of it. The provision as to the fourth share is as follows:

"The remaining one-fourth share is to be invested and held in trust for the benefit of my son Addison McDougall, and the income from said share to be paid him semiannually or annually, as he may desire it; but he (Addison) is to have the right to bequeath his share at his death to whomsoever or whatsoever he pleases, should he survive me."

The general scheme of the will is quite clear, though inartificially drawn; and the intention of the testatrix is not expressed in the terms usually used by the profession in instruments of this character. Three undivided shares of the estate, both real and personal, were to vest absolutely in the three children named. The remaining share was to be held in trust for the son Addison; the income of such share to be paid to him semiannually. The inexperience of the draftsman of this instrument evidently made him oblivious to the necessity of a trustee to carry the intention of the testatrix into effect, or, from inadvertence, omit to name a trustee. The rule is quite familiar that a court will never allow a trust to fail for want of a competent trustee, and thus it would become the duty of the court to name a trustee to carry the trust into effect. It is quite apparent, I think, that the direction to divide was equivalent to a direction to separate this share to be held in trust from that which was to vest in the other children. The division directed by the will was evidently not intended to accomplish a physical separation of the property by operation of the will itself, but that each of the four shares should be distinct, as to their vesting in four different individuals. The provision that the remainder of the estate "is to be divided into four equal shares" does not contain a direction to any individual to make such a division or partition among the legatees or devisees. No direction to any one to make such partition is given. No direction is expressed as to the physical partition or division before the vesting of the estate. The will says that "my residuary estate is to be divided into four shares"; that is, "I, by this will, direct it to be divided into four shares, one of which I give to each of the three children named. As, however, to the fourth share, it is my wish to create a trust, the income of which is to be paid to the son named during his life; such son to have a right to dispose of the share at his death." It is quite clear that this is an express trust, within section 55 of the statute of uses and trusts, and is in all respects valid; the only difficulty about it being the failure to name a trustee. That defect a court of equity will supply, and upon the designation by the court of equity of a trustee the title to an undivided fourth interest in the estate would vest in such trustee. Now, it seems to me quite clear that this proposed conveyance would not convey such undivided fourth part of this estate as vested in this trustee. Certainly the legal title vested in such trustee when appointed could not be devested by the conveyance of all the plaintiffs in the action. Under the power of disposition contained in this will, Addison, by disposing of his interest in this property upon his death, could create an estate in one not a party to this conveyance or to this action, whose title would pass under the will, and would be superior to that of the grantee of the deed tendered by the plaintiffs. In all events, a question is presented which would be quite serious, and which, in the absence of the person who would then be entitled to the

estate, could not be determined in a manner to bind him; and the fact
that such a serious dispute as to the title may be presented in the
future, although such a dispute rests upon a question of law, is one
that should not be thrown upon the purchaser under such a contract
as the present one. A partition of this property, making all of these
persons, including a trustee, when appointed, parties, would undoubt-
edly vest a good title in the purchaser, but we think that this convey-
ance would fail to vest such a title in the defendant as he is entitled
to under his contract.

There should be judgment for the defendant, therefore; but, as the
parties expressly waived costs on the submission, it should be without
costs.

WILLIAMS, PATTERSON, and O'BRIEN, JJ., concur. VAN
BRUNT, P. J., concurs in result.